The PRUDENTIAL INSURANCE COM-
PANY OF AMERICA, Newark,
New Jersey, Plaintiff,

v.

Agnes OLT, Dorothy Olt Gerson and
Richard B. Swartzbaugh,
Defendants.

Civ. A. No. 7192.

United States District Court
N. D. Ohio, W. D.

Sept. 24, 1954.

Ernest C. Schatz, Toledo, Ohio, for plaintiff.

Dan H. McCullough, Toledo, Ohio, for defendant Dorothy Olt Gerson.

Richard B. Swartzbaugh, Toledo, Ohio, for defendant Agnes Olt.

KLOEB, District Judge.

On May 18, 1954, plaintiff insurance company filed its complaint in interpleader under the provisions of Title 28, Sections 1335, 1397 and 2361. It appears from the complaint that in January, February and March of 1934, plaintiff issued five policies of twenty-year endowment life insurance on the life of defendant Dorothy Olt Gerson, then known as Dorothy J. Olt, and these policies with accrued dividends now amount to the sum of $783.30. This sum of money, by authority of the Court, has been deposited with the Clerk of Courts pending an award to the proper claimant.

It is undisputed that defendant Agnes Olt, who is the mother of defendant Dorothy Olt Gerson, made application for these policies on behalf of her minor child and subsequently and up to the date of maturity of the policies paid the weekly premiums thereon.

Answers were filed by the defendants, mother and daughter, and by defendant Richard B. Swartzbaugh, who claims to be entitled to a fee for legal services rendered to defendant Agnes Olt.

A motion for summary judgment was filed by defendant Dorothy Olt Gerson on June 11, and a similar motion was filed by defendant Agnes Olt on June 17. Both motions are supported by memoranda as required by the rule.

Defendant Dorothy Olt Gerson claims the proceeds of the policies by virtue of the fact that she is the named insured in the policies and that the policies have now endowed under the terms and conditions thereof.

Defendant Agnes Olt claims the proceeds of the policies on two grounds, one, under a claimed oral agreement entered into between herself and her daughter

while the latter was a minor, which claimed agreement was reaffirmed after the daughter had reached the age of majority and, two, on the ground that she applied for these policies on behalf of her daughter and subsequently paid all of the weekly premiums thereon.

In paragraph 10 of her answer, defendant Agnes Olt states the following:

"Defendant Agnes Olt further says that she has paid each of the premiums called for under each of said policies for the period of twenty (20) full years pursuant to a verbal agreement between herself and her said daughter whereby said daughter was to be entitled to the proceeds thereof if she survived her said mother, defendant Agnes Olt, but that the latter was to be entitled to the proceeds thereof if she survived her said daughter. * * *"

In her memorandum in support of her motion for summary judgment defendant Dorothy Olt Gerson cites and relies upon the Ohio Statute of Frauds, R.C. Sec. 1335.05, Gen.Code, § 8621, which requires, among other things, that an agreement that is not to be performed within one year from the making thereof must be in writing and signed by the party to be charged therewith.

Defendant Agnes Olt counters the Statute of Frauds by asserting that the agreement is to be terminated upon a contingency and that there is no time fixed for it to run and, therefore, it does not come within the statute.

We are of the opinion that the terms of the contracts between plaintiff company and defendant Dorothy Olt Gerson govern and that, therefore, there is no necessity either to rely upon or strive against the provisions of the Statute of Frauds.

In each of the policies we find the following:

"The Prudential Insurance Company of America

"In Consideration of the payment of the weekly premium herein speci-

fied, on or before each and every Monday in every year during the continuance of this Policy until twenty full years' premiums shall have been paid, or until the prior death of the Insured, will pay at its Home Office, Newark, New Jersey, the amount of insurance herein specified, on the twentieth anniversary of this Policy, to the Insured, if living on said date, * * * subject to the 'General Provisions' on the second page hereof, which are hereby made part of this contract."

On the second page of each of the policies we find the following provision:

"Modifications, etc.—No condition, provision or privilege of this Policy can be waived or modified in any case except by an endorsement hereon signed by the President, one of the Vice Presidents, the Secretary, one of the Assistant Secretaries, the Actuary, the Associate Actuary or one of the Assistant Actuaries. No modification or change shall be made in this Policy except such as is in accordance with the laws of the State or Province in which the same is issued. No Agent has power in behalf of the Company to make or modify this or any other contract of insurance, to extend the time for paying a premium, to waive any forfeiture, or to bind the Company by making any promise, or by making or receiving any representation or information."

No written modifications of the policies are asserted by defendant Agnes Olt. It, therefore, follows that the only one who would have a right under the policies to enforce payment of the endowments would be the named insured, the contracts being between her and the company. Claim number one, therefore, of defendant Agnes Olt appears to be without merit.

What rights has defendant Agnes Olt, who concededly paid the premiums, to a lien on the endowment funds to the extent of the premiums paid by her?

In the case of Septer v. Septer, 19 Ohio Law Abst. 397, paragraph 5 of the syllabus, we find the following:

"5. A person having an insurable interest in the life of another, who causes an industrial policy to be issued upon that other and pays all of the premiums but does not make himself the beneficiary, nevertheless has an equitable lien upon the proceeds of that policy to the amount of the premiums invested with interest."

On page 401 of the opinion by Judge McClelland, we find the following:

"In the case now before this court we have found that the daughter caused the policies to be issued on the life of her father, that she paid the premiums on them until the time of his death and was the only one apparently who knew anything about the policies and who had the policies and other documents pertaining thereto at the time of the insured's death."

On page 402, the following:

" * * * It is our opinion that when a person having an insurable interest in the life of another causes an insurance policy to be issued upon that person and does not make himself the beneficiary but who pays the premiums thereon, has an equitable lien upon the proceeds of that policy to the amount of money which he has invested with interest thereon. * * *

"We therefore conclude that Marguerite Schneider has an equitable lien upon the proceeds of the last three policies in the amount of the premiums which she has expended therein, with interest thereon from the date of expenditure, and any surplus over and above that amount of money properly belongs to the administratrix of the decedent's estate and is to be distributed under the order of the court."

In 26 Ohio Law Abst. 562, in the case of In re Duez' Estate, we find an opinion by Judge Chittenden, of the Lucas County Probate Court, wherein paragraph 2 of the syllabus reads as follows:

"2. A grandson by adoption who pays the premiums during the life of an industrial insurance policy, secures no additional rights to the proceeds, and must relinquish to the executor of the insured's estate the proceeds paid to him by the company, but may present his claim for the amount of such premiums as a claim against the estate."

Judge Chittenden cites the case of Septer v. Septer.

In 166 A.L.R. at page 91, we find the general rule stated as follows:

"Lien on or reimbursement from proceeds.

"Although it is generally held that the mere fact that one has paid premiums on a policy on the life of another, or has made expenditures on behalf of the insured or for his or her burial, gives such person no right to maintain an action under the facility of payment clause of the policy, it is generally recognized that such person is not without some remedy to recover the amount thus expended. For one thing, there is authority to the effect that a person paying premiums on the policy, or making expenditures on behalf of the insured or for his or her burial, has an equitable lien on the proceeds of the policy for the amount thus laid out."

We are of the opinion that the defendant Agnes Olt has an equitable lien on the proceeds of these endowment policies to the extent of the premiums which she has paid on these policies with interest, and that should there be an excess over and above such premium payments and interest it should be paid to defendant Dorothy Olt Gerson.

In view of this situation, the motions for summary judgment are overruled.

If plaintiff insurance company can be permitted to compute the amount of the premiums paid with interest, and coun-

sel can stipulate as to that sum, then there would be no necessity for further consideration by the Court. If, however, an agreement cannot be arrived at, then the case may come on in due course for the presentation of evidence on this question.

An order overruling the motions is drawn accordingly