**Walsh v. John Hancock Mutual Life Ins. Co.**

*Alan S. Carpel,* for plaintiffs.

*J. Bradley Taylor,* for defendant.

DOTY, Adm. J., BRADLEY and SALUS, JJ., December 29, 1971.—This action in interpleader was commenced to dispose of the proceeds of certain policies of insurance issued on the life of Stephen B. Walsh, deceased. The trial judge awarded the proceeds to Sarah Walsh, decedent's second wife. Exceptions to the trial judge's ruling were filed and heard by the court en banc. The court en banc modified the trial judge's order by awarding the sum of $2,349.98 to Henrietta Walsh Brandenberg, the daughter of decedent and Henrietta Walsh, decedent's first wife, thereby reducing the award to Sarah Walsh accordingly. The sum of $2,349.98 represented the amount of the premiums paid by Henrietta Walsh and her daughter, Henrietta Walsh Brandenberg, on the policies of life insurance.

There is no dispute as to the facts, the parties having stipulated to them.

In September 1916, Stephen B. Walsh and Henrietta Walsh were married. Between May 1917 and December 1926, the John Hancock Mutual Life Insurance Company issued a number of insurance policies on the life of Stephen B. Walsh, with Henrietta Walsh, his wife, named as the beneficiary. All the policies provided that Stephen B. Walsh could change the beneficiary.

In 1927, Stephen B. Walsh and Henrietta Walsh separated. Prior to the separation, Henrietta Walsh

Brandenberg was born of the marriage. From the time of the separation until her death in March 1965, Henrietta Walsh paid all the premiums on the insurance policies. During that time, the policies were in her possession, and Stephen B. Walsh exercised no control over them and made no attempt to change the beneficiary.

In March 1965, Henrietta Walsh died testate and her will was probated on April 9, 1965 (Will No. 1290 of 1965, Philadelphia County). Under the provisions of this will, Henrietta Walsh Brandenberg, daughter of Stephen B. Walsh and Henrietta Walsh, and the claimant herein, was named executrix and sole heir of her mother's estate.

Following Henrietta Walsh's death, Stephen B. Walsh married Sarah Walsh, with whom he had been living since prior to 1940. Thereafter, Stephen B. Walsh sent an affidavit to the John Hancock Mutual Life Insurance Company requesting that the beneficiary of the insurance policies be Sarah Walsh.

Despite the requested beneficiary change, neither Stephen B. Walsh nor Sarah Walsh paid any of the premiums on the insurance policies. The policies remained in the possession of Henrietta Walsh Brandenberg as they had previously in her mother, Henrietta Walsh, and Henrietta Walsh Brandenberg alone continued to pay the premiums.

In May 1967, Stephen B. Walsh died and the present dispute arose as to which of the parties is entitled to the proceeds of the insurance policies.

The trial judge awarded the proceeds to Sarah Walsh on the ground that she was the named beneficiary. However, the court en banc modified that decree and directed that the premiums paid by Henrietta Walsh and her daughter, Henrietta Walsh Brandenberg, be paid back to them on the ground that

payment of the premiums constituted an equitable lien on the proceeds of the insurance policies.

While there appear to be no Pennsylvania cases directly on point, the principle of an equitable lien in these circumstances is supported by the cases of New York Life Insurance Co. v. Walls, 124 F. Supp. 38 (N.D. W. Va., 1954) (Pennsylvania law applied) and The Prudential Insurance Company of America v. Olt, 124 F. Supp. 223 (N. D. Ohio, 1954).

In New York Life Insurance Co. v. Walls, supra, the court found sufficient facts that an understanding or agreement existed between the insured and his wife as to the payment of insurance premiums due. "She paid the premiums in good faith under the belief that she was the beneficiary, and paid the premiums to keep the policy alive": 124 Supp. 40.

The court ruled that because the wife made payments of the total premiums as they became due, she had an equitable lien on the proceeds of the policy in the amount of these premiums, with interest thereon. The court applied Pennsylvania law to arrive at this decision.

In the Prudential Insurance Co. v. Olt, supra, the court ruled that the party making the premium payments has an equitable lien on the proceeds of the endowment of the policy to the extent that the premiums were paid, as well as the interest on such payments. Here, the party paying the premiums was, at no time, the beneficiary of the policy. Both courts find that an equitable lien exists though the necessity of an agreement is not required by either court.

This principle has also been aptly stated in 46 C.J.S., Insurance, §1177, p. 86, where it is said:

"Money advanced by a wife to pay premiums on policy on husband's life should be repaid with interest from date of each payment, out of proceeds of the

policy, even though wife was divorced and husband had changed the beneficiary."

And, further, in 46 C.J.S., Insurance, §1180, p. 89, it is stated:

"A third person who pays the premiums on a policy is not entitled to reimbursement as against the person entitled to the proceeds, unless he makes such payments under an agreement with the insured or the beneficial owner of the policy, or unless he pays the premiums in good faith, under the belief that he is the beneficiary or has an insurable interest, or to keep the policy alive."

"Where, however, the payments of premiums are of an involuntary nature, as where they are made on the express or implied requests of, or in compliance with an agreement with, insured or beneficial owner of the policy, the amount so paid or advanced, with legal interest thereon, constitutes an equitable lien on the proceeds for the reimbursement of the person making the payments."

This principle is fully applicable in the present case. Here, Henrietta Walsh paid the premiums on the insurance policies for 38 years until her death, knowing she was the named beneficiary and such payments were continued by her daughter, Henrietta Walsh Brandenberg, as the sole heir of her mother's estate. But for the actions of the mother and daughter, the policies would have lapsed and no proceeds would be available for distribution to any one.

It is the contention of the court that Henrietta Walsh and Henrietta Walsh Brandenberg have an equitable lien on the proceeds from the insurance policies of the insured, Stephen B. Walsh. Both Henrietta Walsh and Henrietta Walsh Brandenberg paid the premiums on the policies, when due, with the understanding that she was the beneficiary of the said policy and would receive the proceeds of the insurance

policies at the time of Mr. Walsh's death. Mr. Walsh, in his lifetime, did nothing to dispel her of that idea, made no effort to establish ownership of the policies, such as having duplicate policies delivered to him, nor did he assume any of the responsibilities of ownership, allowing Henrietta Walsh and Henrietta Walsh Brandenberg to pay all the premiums. There is no question that Henrietta Walsh had an insurable interest at the inception of the policies. The evidence shows that, at all times, Henrietta Walsh felt she was entitled to the proceeds under the policy as she considered that they had been abandoned through the actions of her husband. Henrietta Walsh Brandenberg is entitled to receive the reimbursement for the premiums that were paid by her mother, and by herself.

The Act of June 28, 1923, P. L. 884, 40 PS §517, is relied on by Sarah Walsh as barring the claims of Henrietta Walsh and Henrietta Walsh Brandenberg. However, this act is not applicable here, because Henrietta Walsh and Henrietta Walsh Brandenberg are not claiming as creditors of Stephen B. Walsh, deceased, but are asserting an equitable lien on the proceeds due to their premium payments made to keep the insurance policies alive.

Therefore, in applying the equitable basis in this case, the court en banc was correct in awarding the proceeds of the policy in the fashion that it did.